## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DIXON ARIEL BONILLA ANDRADE,

    Petitioner,

    v.

MARKWAYNE MULLIN,
*Secretary of Homeland Security*,
TODD BLANCHE,
*Acting Attorney General*,
TODD LYONS,
*Acting Director, United States Immigration
and Customs Enforcement*, and
VERNON LIGGINS,
*Acting Director, ICE Baltimore Field Office*,
*in their official capacities*,

    Respondents.

Civil Action No. 26-2623-TDC

## ORDER

Petitioner Dixon Ariel Bonilla Andrade, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The parties have filed a Joint Notice stating that the factual and legal issues presented in this Petition do not differ in any material way from those previously presented in *Velasquez v. Noem*, No. 25-3215-GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025), *Villanueva Funes v. Noem*, No. 25-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026), and *Leal-Hernandez v. Noem*, No. 25-2428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025). The parties further state that the Court should incorporate Respondents' filings in that case into the record of this proceeding in lieu of further briefing. The Court will do so.

As a threshold issue, Respondents argue that the Court lacks jurisdiction to review Bonilla Andrade's detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). The Court incorporates by reference its analysis of these same arguments in *Villanueva Funes, Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), and *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886 (D. Md. Oct. 7, 2025), and based on the same reasoning, rejects Respondents' present arguments that the Court lacks jurisdiction over the Petition pursuant to 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). *See Villanueva Funes*, 2026 WL 92860, at *2–4; *Maldonado*, 2025 WL 2968042, at *3–4; *Santamaria Orellana*, 2025 WL 2841886, at *6–7.

As for the issue of whether Bonilla Andrade is unlawfully subjected to mandatory detention under 8 U.S.C. § 1225(b)(2), and whether such detention without a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) violates due process, this Court concludes, as it did in *Villanueva Funes* and *Maldonado*, that the detention of inadmissible noncitizens who were already present in the United States and were not arriving in the United States or actively seeking admission at the time of their detention is governed by § 1226(a), not § 1225(b)(2), and that mandatory detention of such an individual under § 1225(b)(2) violates due process. *See Villanueva Funes*, 2026 WL 92860, at *4; *Maldonado*, 2025 WL 2968042, at *5–10. The Court incorporates by reference its detailed analysis of this issue in *Maldonado*, which it later relied on in *Villanueva Funes*.

Here, the parties agree that Bonilla Andrade's Petition presents a nearly identical factual situation to that at issue in *Villanueva Funes* and *Maldonado* in that Bonilla Andrade has been present in the United States for many years, and there is no basis to conclude that he is subject to mandatory detention based on criminal history. Accordingly, for the same reasons discussed in

2

*Villanueva Funes* and *Maldonado*, the Court concludes that Bonilla Andrade is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that his current detention can be deemed lawful only under 8 U.S.C. § 1226(a), and that Respondents' detention of Bonilla Andrade without a bond hearing before an immigration judge pursuant to § 1226(a) violates his right to due process of law. *See Maldonado*, 2025 WL 2968042, at *5–10. Bonilla Andrade is therefore entitled to a bond hearing in accordance with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d).

For the foregoing reasons, it is hereby ORDERED that Bonilla Andrade's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

1. The Court finds that Bonilla Andrade's detention is governed by 8 U.S.C. § 1226(a) and enjoins detention of Bonilla Andrade pursuant to 8 U.S.C. § 1225(b)(2).

2. Respondents shall arrange for Bonilla Andrade to receive a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1, in relation to which Bonilla Andrade shall receive all process due under these provisions.

3. The bond hearing shall occur within **10 days** of the date of this Order and under circumstances that ensure that Bonilla Andrade is represented by his counsel.

4. If Bonilla Andrade is not provided with a bond hearing on these terms within **10 days** of the date of this Order, Respondents shall release him from custody on the condition that he appear at a future bond hearing.

5. Within **14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Bonilla Andrade has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: July ___, 2026



THEODORE D. CHUANG
United States District Judge